UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| hrMecca, Inc., | ) | X |
|  | ) | Civil Action No.: 1:25-cv-12562-LTS |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **JOINT STATEMENT PURSUANT** |
|  | ) | **TO LOCAL RULE 16.1(D)** |
| Pension Technology Group LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) | X |

On June 2, 2026, counsel for the plaintiff, hrMecca, Inc. ("hrMecca") conducted a telephone conference with counsel for the defendant, Pension Technology Group LLC ("PTG"), pursuant to Fed. R. Civ. P. 26(f) and for the purposes required by Local Rule 16.1(D). Pursuant to the Court's Notice of Scheduling Conference dated April 30, 2026, the parties hereto respectfully submit the following Joint Statement.

1.     <u>Categories Set Forth in Fed. R. Civ. P. 26(f):</u>

A.     The parties believe discovery exchanged in the co-pending state litigation Civil Action No. 24-33-BLS1 ("State Litigation") pending in the Superior Court of the Commonwealth of Massachusetts should be incorporated by reference into the parties' initiation disclosure. The parties intend to make their Initial Disclosures by July 16, 2026.

B.     The parties propose July 30, 2026, as the deadline for motions to add new parties or amend pleadings to assert new claims or defenses.

C.     The parties anticipate discovery regarding plaintiff's creation of, alleged rights in, and validity of copyrights and trade secrets as well as defendant's alleged use and infringement

1

thereof. The parties further anticipate discovery related to the development of software including PensionPro, PensionPro+, and hrmCore. The parties confirm that that the scope of discovery will conform to the proportionality requirements of Fed. R. Civ. P. 26(b).

D.      The parties have discussed discovery of electronic documents (Electronically Stored Information or ESI). The Parties have an existing ESI Agreement and Protocol in the State Litigation. Subject to input from the Court, the parties plan to confer in good faith to discuss if any modifications to the existing ESI Agreement and Protocol are required for this Litigation.

E.      The parties agree that the expected custodians of ESI are the plaintiff, the defendant, and third party and individual contractors thereof.

F.      The parties agree to exchange and negotiate mutually agreed upon search terms for the identification, review, and production of relevant and response ESI.

G.      Regarding issues relating to claims of privilege or of protection as trial-preparation material, the parties jointly agree to the provisions of Fed. R. Civ. P. 26(b)(5). The parties need not log communications with counsel created after the date this lawsuit was filed.

H.      The Parties have an existing Protective Order in the State Litigation. Subject to input from the Court, the parties plan to confer in good faith to discuss if any modifications to the existing Protective Order are required for this Litigation.

I.      The parties do not request any changes to limitations on discovery imposed by the Federal Rules or Local Rules nor do the parties request the bifurcation of discovery at this time.

In accordance with Fed. R. Civ. P. 16(b) and (c), this joint statement includes joint proposed scheduling and planning.

2.    <u>Proposed Pretrial Schedule:</u>

Plan of Discovery:

A.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) exchanged no later than July 16, 2026.

B.    Amended pleadings and joining of additional parties filed no later than July 30, 2026.

C.    Requests for production of documents, requests for admission, and interrogatories served no later than December 1, 2026.

D.    All fact discovery to be concluded, including completion of depositions of fact witnesses, no later than June 4, 2027.

E.    A status conference shall be held on June 11, 2027, or as soon as possible thereafter at the Court's convenience.

F.    Expert witness designations and reports pursuant to Fed. R. Civ. P. 26(a)(2) by the party with the burden of proof on a particular issue served no later than July 3, 2027.

G.    Expert witness designations and reports pursuant to Fed. R. Civ. P. 26(a)(2) by the party without the burden of proof on a particular issue served no later than August 6, 2027.

H.    All trial experts must be deposed no later than September 17, 2027.

I.    Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by October 22, 2027, with the opposition due thirty days thereafter.

J.    Initial Pretrial Conference on December 4, 2027, or as soon as possible thereafter at the Court's convenience.

4.      Settlement Discussions

Plaintiff submitted a written settlement offer to defendant on June 2, 2026. Defendant shall submit a response to Plaintiff's written settlement offer by June 9, 2026.

5.      Certifications Pursuant to Local Rule 16.1(D)(3):

All parties have submitted certifications as required by Local Rule 16.1(D)(3) prior to the Scheduling Conference.

6.      Trial by Magistrate Judge:

The parties do not consent to trial before a Magistrate Judge.

7.      Format of Rule 16 Conference:

The parties recommend the rule 16 conference proceed as scheduled in a remote proceeding.

hrMecca Inc.

By its attorneys,


/Samuel J. Sussman/

Samuel J. Sussman (BBO# 696909)
samuel.sussman@hbsr.com
Daniel A. Fleisher (BBO# 688575)
Daniel.Fleisher@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, Massachusetts  02210
Telephone:  617-607-5900
Fax:  978-341-0136

Pension Technology Group LLC,


 /Ethan A. Minshull /

Stephen J. Lyons, Esquire (BBO #309840)
KLIEMAN & LYONS
One Devonshire Place
Suite 3402
Boston, MA 02109
Telephone: (617) 443-1000
Email: sjlyons@kliemanlyons.com

And

Brant Martin, Esquire
(appearing *pro hac vice*)
Texas Bar No. 24002529
brant.martin@wickphillips.com
Ethan A. Minshull, Esquire
(appearing *pro hac vice*)
Texas Bar No. 24081045
ethan.minshull@wickphillips.com
Joshua T. Marquette, Esquire
(appearing *pro hac vice*)
Texas Bar No. 24132359
josh.marquette@wickphillips.com
WICK PHILLIPS GOULD & MARTIN, LLP


Dated:  June 9, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2026, I electronically filed the foregoing **JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

<u>/Samuel J. Sussman/</u>
Samuel J. Sussman

3456514.v1